United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Sara I. Garcia, Appellant, | ) |
| | ) |
| v. | ) Civil Action No. 21-21106-Civ-Scola |
| | ) |
| Bank of America, N.A., Appellee. | ) |

### Order

  This matter is before the Court upon the Appellee, Bank of America, N.A.'s ("BOA") motion to dismiss for lack of jurisdiction the Appellant's appeal from United States Bankruptcy Court Judge Robert A. Mark's March 9, 2021 Order Finding that BOA Has Standing and Setting Deadline for Plaintiff to Show Cause Why Abatement Should Not Be Lifted (ECF No. 1, at 3.)

  In his order, Judge Mark briefly recounts the procedural history of this matter. On April 11, 2012, BOA filed a foreclosure action against the Appellant, which was dismissed on March 21, 2014 for want of prosecution. (*Id.*, at 5.) Subsequently, on October 21, 2015, the Appellant filed for Chapter 13 Bankruptcy, commencing the underlying bankruptcy proceeding. On May 3, 2016, BOA filed a proof of claim, seeking to enforce the same note and mortgage that were the subject of the foreclosure action that was dismissed for want of prosecution. (*Id.*) On July 18, 2016, the Appellant filed an objection to BOA's proof of claim. (*Id.*, at 4.) The Bankruptcy Judge held a hearing on December 15, 2016 on the Appellant's objection to BOA's proof of claim and at that hearing, the Appellant moved for leave to file an adversary proceeding against BOA, which BOA did not oppose. (*Id.*, at 5.) On March 20, 2017, the Appellant filed her adversary proceeding against BOA. (*Id.*) At a January 4, 2019 hearing, the Bankruptcy Judge found cause to investigate BOA's standing to enforce the note at issue "because of admitted errors in [BOA's] pleadings and apparent inconsistencies in the record." (*Id.*, at 6.) Based on the record, the Court found that the Appellant had raised issues as to whether BOA had standing and noted that standing issue needed to be resolved before discovery proceeded. (*Id.*, at 10.) The Court ordered additional briefing on BOA's standing, and while briefing of that matter was ongoing, the Court ordered abatement of the entire proceeding due to health issues faced by the Appellant. (*Id.*, at 12.) On July 16, 2020, BOA moved to lift abatement, which the Bankruptcy Court granted in part noting that discovery would remain abated but requiring the Appellant to file a response to BOA's briefing on the standing issues. (*Id.*, at 12-13.) The Appellant timely filed her response, and the Bankruptcy Judge ultimately concluded in his March 9, 2021 order that "the record provides clear evidence that [BOA] has standing to

enforce the Note." (*Id.*, at 13.) The Bankruptcy Court also ordered the Appellant, by April 8, 2021, to show cause as to whether or not she remains physically unable to proceed in this matter, noting failure to show cause could result in discovery resuming in the proceedings before the Bankruptcy Court. The Appellant has appealed the Bankruptcy Judge's March 9, 2021 order on BOA's standing and requiring the Appellant to show cause as to whether further abatement is required order.

With this procedural history in mind, the Court agrees with the Appellee that the Appellant has improperly appealed a non-final order to this Court. Pursuant to 28 U.S.C. § 158(a), district courts have jurisdiction to hear appeals "(1) from final judgments, orders, and decrees; (2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and (3) with leave of the court, from other interlocutory orders and decrees; of bankruptcy judges . . . ." 28 U.S.C. § 158(a). The Appellant has not satisfied any of these standards, and therefore the Court is without jurisdiction.

First, because the Bankruptcy Judge's order does not completely dispose of "all of the issues pertaining to a discrete claim, including issues as to proper relief" the Court finds the order could not be appealed as of right, pursuant to Bankruptcy Rule 8003. *In re Donovan*, 532 F.3d 1134, 1136-37 (11th Cir. 2008). While the finality rule is more flexible in the bankruptcy context because bankruptcy is an aggregation of controversies and suits, the Appellant has failed to show that her discrete claim or controversy with respect to BOA has been "finally resolved, leaving noting more for the bankruptcy court to do." *Id.* Indeed, the Bankruptcy Judge's order simply concluded that BOA has standing and required the Appellant to show cause as to whether she is well enough for discovery as between her and BOA to proceed. Rather than continuing to litigate her bankruptcy case, it appears the Appellant instead chose to improperly appeal the Bankruptcy Court's ruling to this Court despite having no right to do so.

Notwithstanding the Appellant's improperly filed notice of appeal, district courts "may review interlocutory judgments and orders" arising from a bankruptcy proceeding, where it is appropriate to do so. *Id.*, at 1136. Given that the Appellant is proceeding pro se, the Court liberally construes her notice of appeal as a motion for leave to appeal an interlocutory order of the Bankruptcy Court. *See Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017). Interlocutory review is generally disfavored, however, district courts may review a non-final bankruptcy court order if (1) it presents a controlling question of law; (2) as to which there is a substantial ground for different of opinion; and (3) immediate appeal would advance the ultimate termination of the litigation. *In re Pacific Forest Prods. Corp.*, 335 B.R. 910, 919 (S.D. Fla. Oct. 17, 2005) (Gold, J.). In her motion, the Appellant simply states "this Court should exercise its

discretion to grant Garcia leave to appeal, in the interest of justice; specifically, here, when not one, but many questions of law are at stake." (ECF No. 13, at 21.) Whether the Bankruptcy Judge properly determined the issue of BOA's standing is not a question of "pure" law as is required for interlocutory appeal, but rather, is an issue where the Bankruptcy Judge applied settled law to the facts of this case. *In re Pacific*, 335 B.R. at 919-20. Accordingly, the Plaintiff cannot satisfy the first prong justifying her request for leave to file an interlocutory appeal. As the standard for leave for interlocutory appeal requires satisfaction of all three elements, and the Appellant cannot satisfy the first prong, the Court must deny the Appellant's motion for leave to appeal. *Id.*, at 919.

Finally, the Court notes that in her motion, the Appellant states, "[d]ue to the prejudice against her, Garcia preserves her right to amend or supplement this response." (ECF No. 13, at 21.) To the extent this is a request for leave to amend her notice of appeal, the Court denies the Appellant's request for leave to amend, inserted, as an afterthought, at the end of her opposition to the Defendant's motion: the request is both procedurally defective and lacking in substantive support. *See Newton v. Duke Energy Florida, LLC,* 895 F.3d 1270, 1277 (11th Cir. 2018) ("[W]here a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly."); *Avena v. Imperial Salon & Spa, Inc.*, 740 Fed. App'x 679, 683 (11th Cir. 2018) ("[W]e've rejected the idea that a party can await a ruling on a motion to dismiss before filing a motion for leave to amend.") (noting also that "a motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment") (cleaned up).

For the reasons stated above, the Court **grants** BOA's motion to dismiss (**ECF No. 5**) as this Court lacks jurisdiction to review the Bankruptcy Court's non-final March 9, 2021 order, and in the alternative, finds it would be improper for the Court to exercise its discretion to grant the Appellant leave to seek interlocutory review of such order. The Clerk is directed to **close** this case. Any pending motions, if any, are **denied as moot**.

**Done and ordered** in Miami, Florida, on May 11, 2021.

Robert N. Scola, Jr.
United States District Judge